IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| THOMAS A. GEPHARDT, et ux., | * |  |
|---|---|---|
|  | * |  |
| v. | * | Civil No. – JFM-10-1537 |
|  | * |  |
| THE MORTGAGE CONSULTANTS, INC., et al. | * |  |

******

## MEMORANDUM

On March 25, 2010, Plaintiffs Thomas and Michelle Gephardt ("Plaintiffs") commenced the instant action in the Circuit Court for Baltimore City against Defendants The Mortgage Consultants, Inc. ("TMCI") and Sovereign Bank ("Sovereign") (collectively "Defendants") asserting claims under the Maryland Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law, §§ 12-401 to 12-415. Sovereign filed a Notice of Removal on June 10, 2010 based on this Court's purported diversity jurisdiction, for which complete diversity is required.[1] *See* 28 U.S.C. § 1332(a)(1). Now pending before this Court is Plaintiffs' Motion to Remand to the Circuit Court for Baltimore City, which for the following reasons will be denied.

**I. Procedural History**

Plaintiffs are Maryland residents. (Pls.' Mem. at 5.) Sovereign is not a Maryland corporation. (Defs.' Opp'n at 4.) TMCI was formerly a Maryland corporation, but forfeited its corporate charter. (Pls.' Mem., Ex. 2.)

---

[1] Defendants also justified removal on the basis of federal subject matter jurisdiction, arguing that federal law completely preempts Plaintiffs' state law claims. However, in arguing against remand, Defendants have decided not to contest Plaintiffs' complete preemption arguments. (*See* Defs.' Opp'n at 1 n.1.)

1

Plaintiffs initially attempted to serve TMCI by serving its resident agent, Ben Colvard. (*Id.*, Ex. 1.) Two attempts were unsuccessful, so Plaintiffs served the State Department of Assessments and Taxation pursuant to Maryland Rule 2-124(o) on May 6, 2010. (*Id*. at 2.)

On June 10, 2010, Sovereign removed the instant case to this Court based on diversity of citizenship between Plaintiffs and Sovereign, claiming that the joinder of TMCI was fraudulent and therefore had no effect on complete diversity. (Def.'s Opp'n at 3.) TMCI has never filed a notice of removal or otherwise consented to Sovereign's removal. (Pls.' Mem. at 2.)

**II. Analysis**

The burden of establishing federal jurisdiction through removal is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S. Ct. 35 (1921)). Because a federal court's jurisdiction over a removed case is strictly construed, "[i]f this court finds that federal jurisdiction is doubtful, . . . remand is necessary." *Id.* (citations omitted).

The issue raised by Plaintiffs' motion to remand requires determination of a forfeited corporation's effect on complete diversity.[2] In Maryland, when a corporation forfeits its charter "the powers conferred by law on the corporation[] are inoperative, null, and void as of the date of the proclamation [of forfeiture]." Md. Code Ann., Corps. & Ass'ns § 3-503(d). Thus, "all powers . . . including the power to sue or be sued," are extinguished during the forfeiture period. *Dual, Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 857 A.2d 1095, 1101 (2004). At the same time, the directors of the forfeited corporation lose their authority as directors and become "trustees of [the corporation's] assets for purposes of liquidation." § 3-515(a). The directors/trustees are authorized to "[s]ue or be sued in their own name as trustees or in the name

---

[2] Federal jurisdiction predicated on diversity requires complete diversity between the parties. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606 (2005) (citations omitted).

2

of the corporation" in connection with the winding up of the corporation's affairs. § 3-515(c)(3); *Dual*, 857 A.2d at 1101.

Sovereign contends that as a forfeited corporation, TMCI has no legal existence under Maryland law and "lacks any legal capacity to be sued," so it therefore cannot have any effect on the diversity of the parties. (Def.'s Opp'n at 5.) When "there is *no possibility* that the plaintiff would be able to establish a cause of action" against a non-diverse party, the non-diverse party has been fraudulently joined. *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted) (emphasis in original). Fraudulently joined parties are not considered in evaluating complete diversity. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Sovereign argues that as a forfeited corporation, TMCI cannot be sued, and therefore, this court should dismiss TMCI from the instant action and assume diversity jurisdiction. *See, e.g.*, *Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F. Supp. 2d 597 (E.D. Va. 2006) (dismissing a fraudulently joined, non-diverse party, and assuming diversity jurisdiction).

While Maryland law is clear that a forfeited corporation, like TMCI, lacks any capacity to be sued, *see* §3-503, Maryland law is equally clear that directors/trustees can be sued in their own names, or in the name of the corporation, for claims related to the winding up of corporate affairs. *See* § 3-515(c)(3); *see also Mintec Corp. v. Minton*, 392 B.R. 180, 185 (D. Md. 2008). Nowhere does Sovereign challenge Plaintiffs' claims as unrelated to the winding up of corporate affairs. Therefore, it would seem clear that Plaintiffs' claims against TMCI would be entirely valid if they were brought against the directors/trustees in their own names. *See* § 3-315(c)(3); *see also Frances v. Hunt*, 2004 WL 1336277, at *1 (D. Md. June 4, 2004) (holding that a "[c]omplaint was properly brought against the alleged 'proprietors' of [a] forfeited corporation").

3

Plaintiffs' claims also would be viable if they were brought against a director/trustee "in the name of the corporation." § 3-315(c)(3).

Section 3-315(c) clearly provides Plaintiffs with an avenue to pursue claims against a forfeited corporation by suing the directors/trustees, yet Plaintiffs have instead attempted to proceed directly against TMCI, which is not permitted under Maryland law. In *Scott v. Seek Lane Venture, Inc.*, 91 Md. App. 668, 605 A.2d 942, 951 (Ct. Spec. App. 1992), the court concluded that a plaintiff could not proceed against a defunct corporation because she failed to comply with the requirement to "undertake a reasonable search for the identity of the directors-trustees, and to give them notice by mail or other means as certain to ensure actual notice." In that case, the plaintiff "could have found the names of the last known directors by examining the corporation's articles of incorporation, which were available in the corporate records of the Circuit Court for Montgomery County." *Id.* The plaintiff's "failure to search for this readily available information constituted a willful refusal to know." *Id.*

In adopting the reasoning of this decision, the Superior Court of the District of Columbia in *Eastern Europe, LLC v. Bigdan Corp.*, 2005 WL 757611 (D.C. Super. April 5, 2005), applied Maryland law and "concluded that a suit could be brought against the corporation in its own name as authorized by section 3-515(c), and that while service would need to be made on the director-trustees, they need not be named as additional defendants." *Mintec*, 392 B.R. at 187 (analyzing *Eastern Europe*, 2005 WL 757611) (emphasis omitted). Finally, this court has adopted that logic and concluded that a director/trustee may bring a suit in the name of a defunct corporation, without naming a director/trustee as a party, if the action is "brought . . . as part of a good faith liquidation or winding up of the affairs of the corporation." *Id*. at 185. Whether or

4

not Plaintiffs named the directors/trustees as parties to the instant case, the law is clear that the claims must have been brought against them, not the corporation.

Plaintiffs have not brought suit against the directors/trustees of TMCI, as required by § 3-315(c) and as discussed above, §3-503 prohibits Plaintiffs from proceedings directly against TMCI. Plaintiffs were required to provide actual notice of the suit to TMCI's directors/trustees through proper service of process. At minimum, Plaintiffs were obligated to undertake a reasonable search, including an examination of public records, to determine and locate the last-known directors of the corporation and to attempt service on these individuals. *See Scott*, 605 A.2d at 951. Plaintiffs have failed to do so, and have only served TMCI via the State Department of Assessment and Taxation, as though they were proceeding directly against a viable corporation. (Defs.' Opp'n at 10.) No direct claims may be brought against a forfeited corporation; therefore, TMCI is not a "real and substantial" party to the instant case and its status as a former Maryland corporation has no effect on diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980).

For the forgoing reasons, I conclude that the doctrine of fraudulent joinder is applicable to the instant case as there is no possibility that Plaintiffs may bring direct claims against TMCI. *See Carter,* 445 F. Supp. 2d at 600. Therefore TMCI is dismissed from the instant action and Plaintiffs' motion to remand is denied.

In addition, I am today issuing an opinion finding that the plaintiffs in *Fulmore v. Premier Financial Corp.*, No. 1:09-cv-02028, and related cases have no viable claim against entities situated in precisely the same circumstances as Sovereign. Accordingly, I will, after

conferring with counsel, enter an order denying plaintiff's motion for remand and dismissing the claims asserted by plaintiff against Sovereign.

October 29, 2010  /s/
Date  J. Frederick Motz,
United States District Judge