IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS A. GEPHARDT, et al.,   *
  *
  *
     v.   *   Civil No. – JFM-10-1537
  *
THE MORTGAGE CONSULTANTS,   *
INC., et al.   *
******

MEMORANDUM

Plaintiffs Thomas and Michelle Gephardt ("Plaintiffs") commenced this action against Defendants The Mortgage Consultants, Inc.[1] ("TMCI") and Sovereign Bank ("Sovereign"), asserting claims under Maryland's Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law §§ 12-401 to 12-415; under the Maryland Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law. § 13-101 *et. seq.*; and for breach of contract. Plaintiffs also seek an accounting from Sovereign. Now pending is Sovereign's Motion to Dismiss. In a prior opinion issued in a set of related cases, I held that no viable claim existed under the SMLL against defendants situated in the same position as Sovereign. *See Fulmore v. Premier Fin. Corp.*, No. 1:09-cv-02028. Accordingly, I will dismiss Plaintiffs' SMLL claims. I now hold that the remaining claims against Sovereign are without merit and will be dismissed.

I.

Plaintiffs obtained a secondary mortgage loan from TMCI on April 20, 1998. On May 28, 1999, the loan was assigned to Sovereign. Plaintiffs paid off the loan, and a Certificate of Satisfaction was file on May 29, 2003, indicating that the loan had been fully paid and discharged. (Compl. ¶¶ 19–22.) Plaintiffs allege that, in connection with the loan, TMCI

---

[1] In an Opinion issued on October 29, 2010, I concluded that TMCI had been fraudulently joined and should be dismissed from this action.

charged them closing costs and interest in excess of that permitted by the SMLL, and they argue that, after the assignment, Sovereign collected interest payments in violation of the SMLL. (*Id.* ¶¶ 47–58.) In related cases, I determined that an assignee of a secondary mortgage loan cannot be liable under the SMLL for their own violations or under a theory of vicarious liability for the violations of the loan originator, so Counts III and IV of the instant action will be dismissed. *See Fulmore*, No. 1:09-cv-02028.

Plaintiffs further allege that on August 9, 2009, they requested that Sovereign produce copies of all documents related to their secondary loan transaction, and Sovereign refused this request. (Compl. ¶¶ 32–33.) They do not claim they did not receive the loan documents at the time of the loan's closing in 1998. Sovereign's refusal to grant the 2009 document request provides the basis for the remaining claims in this action. Plaintiffs allege that this refusal constitutes a breach of the loan contract's implied covenant of good faith and fair dealing (Count I) and an unfair or deceptive trade practice under the CPA, Com. Law § 13-301(3), (9) (Count II). In addition, Plaintiffs argue Sovereign is under a legal duty to provide an accounting of the money received from Plaintiffs (Count V).

## II.

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

"Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering "more than labels and conclusions." *Id.* (internal quotation marks and alterations omitted). It is not sufficient that the well-pleaded facts create "the mere possibility of misconduct." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* at 1949 (internal quotations and citation omitted).

III.

In their breach of contract claim, Plaintiffs assert that Sovereign violated the loan agreement's implied covenant of good faith and fair dealing by failing to produce their loan documents upon request. It is correct that, under Maryland law, a negotiated contract contains an implied covenant of good faith and fair dealing. *Blondell v. Littlepage*, 413 Md. 96, 991 A.2d 80, 90 (2010); *see also E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 182 (4th Cir. 2000). This covenant, however, "concerns the performance and enforcement of the contract itself," and it "simply prohibits one party to a contract from acting in such a manner as to prevent

the other party from performing his obligations under the contract." *Blondell*, 991 A.2d at 90 (internal quotation marks and citation omitted). It does not "interpose new obligations" that are not otherwise required by the contract. *Id.* at 90; *see also Parker v. Columbia Bank*, 91 Md. App. 346, 604 A.2d 521, 531 (Ct. Spec. App. 1992) ("[T]he duty of good faith merely obligates a lender to exercise good faith in performing its contractual obligations; it does not obligate a lender to take affirmative actions that the lender is clearly not required to take under its loan documents.").

Plaintiffs here seek to use the implied covenant of good faith and fair dealing to create precisely such a new obligation. They suggest the covenant imposes upon Sovereign a (seemingly unending) duty to provide them with loan documents upon request. Plaintiffs have not alleged that Sovereign failed to act in good faith in performing its express duties under the contract, nor do they claim Sovereign has engaged in conduct that prevented them from fulfilling their obligations under the contract. In fact, it is undisputed that Plaintiffs satisfied the loan in 2003. Plaintiffs have failed to state a plausible claim for breach of contract. Accordingly, Count I will be dismissed.

IV.

Plaintiffs further claim that Sovereign's refusal to provide them with their loan documents following their 2009 request constituted an unfair or deceptive trade practice prohibited by the CPA. *See* § 13-301. They bring suit pursuant to the CPA's civil damages provision, which permits any person to "bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by [the CPA]." § 13-408(a). This claim lacks merit.

Plaintiffs allege Sovereign's refusal to provide the documents constitutes an omission of a material fact in violation of subsections 13-301(3) and (9) of the CPA because it prevented

4

them from learning whether the SMLL had been violated in connection with their loan. Section 13-301 states in relevant part:

> Unfair or deceptive trade practices include any:
> . . .
> (3) Failure to state a material fact if the failure deceives or tends to deceive;
>  . . .
> (9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with:
> > (i) The promotion or sale of any consumer goods, consumer realty, or consumer service;
> > (ii) A contract or other agreement for the evaluation, perfection, marketing, brokering or promotion of an invention; or
> > (iii) The subsequent performance of a merchant with respect to an agreement of sale, lease, or rental.

§ 13-301. In order to pursue a claim under section 13-301(3), Plaintiffs must plead facts showing that Sovereign's failure to disclose a material fact "deceive[d] or tend[ed] to deceive." Even if the loan documents show that an SMLL violation occurred, Sovereign's refusal to resupply Plaintiffs with copies of the documents cannot be found to have deceived Plaintiffs because Plaintiffs nonetheless brought suit against TMCI and Sovereign for violating the SMLL. Moreover, Sovereign's refusal had no tendency to deceive. Plaintiffs made no allegation that they were not supplied with the relevant loan documents at the time of the loan's closing. Thus, they could have accessed the information relevant to their SMLL claim. It is not deceptive to require consumers to depend upon the timely disclosed, truthful information, rather than allow them to demand duplicate copies of this information at any that they come to believe they may have a valid cause of action. For this same reason, it is also not plausible that Sovereign intended Plaintiffs to rely on its refusal to provide the loan documents, as required by section 13-301(9), by not bringing suit under the SMLL. *Cf. Luskin's, Inc. v. Consumer Prot. Div.*, 353 Md.

335, 726 A.2d 702, 717 (1999) (noting that section 13-301(9) requires a "concealment, suppression, or omission" of a material fact that is both "knowing" and "made 'with the intent that a consumer rely on the same'"). Rather, the facts alleged by Plaintiffs give rise to the reasonable inference that Sovereign believed that it was no longer obligated, over ten years after the loan closed and six years after the loan was satisfied, to provide copies of loan documents Plaintiffs had previously received, and it intended that Plaintiffs rely upon the documents they retained.

My conclusion here is in accord with the decision of the Maryland Court of Special Appeals in *McGraw v. Loyola Ford, Inc.*, 124 Md. App. 560, 723 A.2d 502 (Ct. Spec. App. 1999). In *McGraw*, the plaintiff asserted a car dealer violated sections 13-301(3) and (9) because it provided him with a form indicating that the car he purchased was new when, in fact, it was a demonstrator vehicle. *Id.* at 510. The court concluded that the dealer did not violate the CPA because, on other occasions, it disclosed to the plaintiff that the car was a demonstrator vehicle. *Id.* The court stated, "[W]hatever falsity attended appellee's act of checking the box marked 'new' on the first buyer's order form, it did not vitiate the dealer's affirmative act of timely disclosing that the vehicle was a demo with over 6000 miles on it." *Id.* at 512. Here, Sovereign's refusal to supply Plaintiffs with copies of their loan documents similarly does not vitiate the prior provision of these documents. Thus, the alleged omission "had 'no capacity, tendency, or effect of deceiving or misleading'" Plaintiffs, and the complaint "simply do[es] not support an inference that [Sovereign] 'intended that [Plaintiffs] rely'" on their refusal to provide the documents. *Id.* (citations omitted). There is, therefore, no sufficient allegation that Sovereign engaged in an unfair or deceptive trade practice.

In addition, in order to bring suit under the CPA, a plaintiff "must show they were actually injured by [the defendant's] violation of the Act." *DeReggi Constr. Co. v. Mate*, 130 Md. App. 648, 747 A.2d 743, 752 (Ct. Spec. App. 2000); *see also CitaraManis v. Hallowell*, 328 Md. 142, 613 A.2d 964, 968 (1992) ("It is manifest from the language employed in § 13-408(a) that the General Assembly intended that a plaintiff pursuing a private action under the CPA prove actual 'injury or loss sustained.'") Plaintiffs in the instant action claim they were injured because they were deprived of information that would permit them to seek statutory remedies under the SMLL. Plaintiffs have, however, brought suit under the SMLL, and, as a result of Sovereign's refusal to produce the loan documents, they have not been deprived of any SMLL remedies to which they were entitled.[2]

Plaintiffs' have failed to allege facts demonstrating that Sovereign engaged in an unfair or deceptive trade practice, and they have not shown that Sovereign's conduct caused them actual injury. Accordingly, their claim under the CPA will be dismissed.[3]

IV.

Finally, Plaintiffs request that I order Sovereign to provide an accounting, including producing all documents relating to their loan transaction. A suit for an accounting arises in equity and "may be maintained when the remedies at law are inadequate." *P.V. Props. Inc. v. Rock Creek Vill. Assocs. Ltd. P'ship*, 77 Md. App. 77, 549 A.2d 403, 409 (Ct. Spec. App. 1988)

---

[2] I have determined that all claims asserted by Plaintiffs under the SMLL should be dismissed, but this is not the result of Sovereign's failure to produce the loan documents. The claims against TMCI were dismissed because Plaintiffs failed to properly effectuate service on this defendant, and I concluded that loan assignees could not face liability under the SMLL, requiring dismissal of Plaintiffs' claims against Sovereign.

[3] Sovereign also argues that the CPA claim must be dismissed because it falls outside of the three-year statute of limitations; because the CPA is preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, *et seq.* and Office of Thrift Supervision regulations when applied to federal savings associations such as Sovereign; and because the complaint fails to meet the heightened pleading requirements of Rule 9(b) for a claim sounding in fraud. I find that the complaint fails to state a claim for violation of the CPA on other grounds; therefore, I need not consider these additional arguments.

7

(citing *Nagel v. Todd,* 185 Md. 512, 45 A.2d 326 (1946)). The Maryland Court of Special Appeals has summarized the circumstances in which an accounting is proper:

> An accounting may be had where one party is under an obligation to pay money to another based upon facts and records which are known and kept exclusively by the party to whom the obligation is owed, or where there is a confidential or fiduciary relation between the parties, and a duty rests upon the defendant to render an account.

*Id.* None of these circumstances are present in the instant action. Although Plaintiffs were obligated to pay money to Sovereign, the relevant records were available to both parties. Plaintiffs have not alleged they did not receive the relevant loan documents at the time of the loan's closing, and they had the capacity to track their payments to Sovereign. Sovereign is not obligated to provide these records merely because Plaintiffs opted not to retain them. As the Maryland Court of Appeals has stated, "[t]he butcher, the baker and the candle-stick maker do not occupy a fiduciary relation toward every customer who has too much faith in human nature or is too busy or too careless . . . to count his change." *Johnson v. Bugle Coat, Apron & Linen Serv., Inc.*, 191 Md. 268, 60 A.2d 686, 689 (1948) (declining, where the plaintiff believed it overpaid for goods, to order an accounting because the plaintiff had the capability to compare the goods received to itemized bills, even though, in fact, it failed to track the quantity of goods received).

In addition, the pleadings do not establish that a fiduciary or confidential relation existed between Sovereign and the Plaintiffs. It is well established under Maryland law that, absent special circumstances, "the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor, and is not fiduciary in nature." *Yousef v. Trustbank Sav., F.S.B.*, 81 Md. App. 527, 568 A.2d 1134, 1138 (1990) (citations omitted); *see also Silver Hill Station Ltd. P'ship v. HSA/Wexford Bancgroup, LLC*, 158 F. Supp.

8

2d 631, 642–43 (D. Md. 2001) ("For a fiduciary duty to exist [between a lender and borrower], 'special circumstances over and above any contractual obligations' must exist." (quoting *Parker*, 604 A.2d at 532). A confidential relation, which may arise although there is no fiduciary relationship, "exists between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind." *Buxton v. Buxton*, 363 Md. 634, 770 A.2d 152, 164 (2001). Plaintiffs identify no special circumstances in the present case that would give rise to a fiduciary relationship, and they allege no facts showing that Sovereign gained their confidence or purported to act on behalf of their interests. There is, therefore, no basis for an accounting in this case. This claim will be dismissed.

For the foregoing reasons, Sovereign's Motion to Dismiss will be granted. A separate Order follows.

February 8, 2011                                         /s/
Date                                                        J. Frederick Motz
                                                            United States District Judge